UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

TERRELL SHOCKLEY-BYRD, :
    Plaintiff, :
     :
v. : No. 18-cv-4845
     :
SGT. ZAMBRANA; :
CAPTAIN SERGI; and :
WARDEN EDWARD D. MCFADDEN, :
    Defendants. :
_____

**O P I N I O N**

**Defendants' Motion to Dismiss, ECF No. 12—Granted in Part**

**Joseph F. Leeson, Jr.**                                                                 **May 22, 2019**
**United States District Judge**

    **I.    INTRODUCTION**

    In this civil rights action under 28 U.S.C. § 1983, Plaintiff Terrell Shockley-Byrd alleges that prison staff subjected him to excessive force during a cell search while he was a pretrial detainee in Chester County Prison. Defendants filed a motion to dismiss for failure to state a claim to which Plaintiff did not respond. The Court considers Defendants' motion as uncontested and, after reviewing the merits, finds that Plaintiff has stated a Fourteenth Amendment excessive force claim against Defendant Sergeant Zambrana but has not stated a claim against Defendants Captain Sergi and Warden D. Edward McFadden.[1] Accordingly, Defendants' motion is granted in part and denied in part.

---

[1]     Defendants' Motion relates the Defendants' full names: Sergeant Dennis Zambrana and Captain Peter Sergi.

## II. FACTUAL BACKGROUND[2]

Plaintiff alleges that the events giving rise to his claims occurred when he was a pretrial detainee in Chester County Prison. Compl. 7-8, ECF No. 2. During a cell search on September 2, 2018, Defendant Sergeant Zambrana handcuffed Plaintiff and placed him outside his cell. While searching the cell, Sergeant Zambrana ripped down a cross hanging from Plaintiff's bunk by a string. When Plaintiff asked why, Sergeant Zambrana told Plaintiff that he could not hang anything from the bunk. Plaintiff alleges that they began to argue "as we have prior issues between each other." Compl. 10.

Sergeant Zambrana started to push Plaintiff backward into his cell and began to shut the door while Plaintiff was still in the doorway. When Plaintiff placed his handcuffed hands to stop the cell door from hitting him, Sergeant Zambrana shoved him into the cell, grabbed the middle chain of the handcuffs and started to choke Plaintiff and push him onto the bottom bunk. Plaintiff fell onto the bed as Sergeant Zambrana continued to choke him. Plaintiff alleges that the incident left him with handcuff marks and bruises, a hand mark around his neck which went away, and swelling in his left pinky; he states that he received no treatment at Chester County but had an x-ray at Montgomery County Correctional Facility and takes "long term naproxen." Compl. 9.

Plaintiff filed a grievance based on the incident, which was denied. Plaintiff alleges that Defendant Captain Sergi is the Grievance Captain at Chester County Prison who denied his grievance and is "clearly covering up a physical assault and use of excessive force by staff." Compl. 10. Plaintiff alleges that Defendant Warden McFadden assisted in the alleged cover-up by denying Plaintiff's appeal of the initial denial of his grievance. Plaintiff states that no reports were filed concerning the incident and no interviews were conducted with other inmates. Compl. 11.

---

[2]   The following facts are drawn from the assertions in Plaintiff's Complaint, which are accepted as true.

Plaintiff filed his pro se complaint on November 8, 2018, alleging excessive force in violation of the Fourteenth Amendment under 28 U.S.C. § 1983 and "mental/emotional distress, tort." ECF No. 2. Defendants moved to dismiss for failure to state a claim on December 28, 2018. ECF No. 12. Plaintiff did not respond, so on April 10, 2018, the Court directed him to file any response to Defendants' motion within fourteen days of receiving the Court's order and advised him that failing to respond could result in the motion being treated as uncontested. ECF No. 14. Plaintiff did not respond.

### III. LEGAL STANDARD

In rendering a decision on a motion to dismiss under Rule 12(b)(6), this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### IV. ANALYSIS

Plaintiff did not respond to Defendants' motion to dismiss, even after the Court ordered him to do so. Local Rule 7.1 provides that, in the absence of timely response, a motion may be granted

as uncontested. *See* E.D. Pa. L.R. 7.1. However, the Third Circuit Court of Appeals discourages dismissing a pro se civil rights action based only on a plaintiff's failure to respond to a motion to dismiss without considering the merits. *See Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991); *Blackshear v. Verizon, DE, LLC*, No. CIV.A. 11-1036, 2011 WL 5116912, at *1 (E.D. Pa. Oct. 27, 2011) (addressing merits of unopposed motion to dismiss). Therefore, the Court considers Defendants' motion uncontested and proceeds to the merits.

### A. Sergeant Zambrana

Plaintiff alleges that Sergeant Zambrana used excessive force against him. Because Plaintiff was a pretrial detainee at the time, his excessive force claim is governed by the Due Process Clause of the Fourteenth Amendment, which "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, ––– U.S. ––––, 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)).[3] To demonstrate a due process violation, a detainee must prove "that the force purposely or knowingly used against him was objectively unreasonable," meaning "that the actions [were] not 'rationally related to a legitimate nonpunitive governmental purpose.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 561 (1979)). In evaluating whether an officer used "objectively unreasonable" force, courts consider: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6)

---

[3] Three constitutional amendments, the Fourth, Eighth, and Fourteenth, protect citizens against excessive force by government officials—which amendment applies to a given case depends upon the context in which the allegedly excessive force was used. *See Neil v. Allegheny Cty.*, No. CIV.A. 12-0348, 2012 WL 3779182, at *3 (W.D. Pa. Aug. 31, 2012). The Fourth Amendment protects against excessive force during an investigatory stop, arrest, or other "seizure," the Fourteenth Amendment protects pretrial detainees, and the Eighth Amendment protects inmates from the excessive use of force by prison guards during post-conviction incarceration. *Id.*

whether the plaintiff was actively resisting. *Robinson v. Danberg*, 673 F. App'x 205, 209 (3d Cir. 2016) (quoting *Kingsley*).

Defendants argue that Plaintiff has not stated a claim against Sergeant Zambrana because Plaintiff admits that he argued with Sergeant Zambrana and prevented him from placing him back in the cell and that he did not sustain serious injuries. In other words, Sergeant Zambrana used appropriate force to respond to a resisting prisoner and caused him only *de minimis* injury.

Although under *Kingsley* these considerations ultimately may weigh in favor of finding that Sergeant Zambrana used objectively reasonable force, they do not justify dismissing Plaintiff's claim at this stage. Plaintiff alleges that Sergeant Zambrana choked him while his hands were handcuffed and continued to choke him after Plaintiff fell on the bunk. Reading Plaintiff's pro se complaint liberally and drawing all inferences in his favor, these allegations support Plaintiff's claim that Sergeant Zambrana used excessive force and raise the claim above the level of speculation. Because the question of objective reasonableness requires "careful attention to the facts and circumstances of each particular case," *Graham*, 490 U.S. at 396, Defendants' arguments concerning the reasonableness of the force used are more appropriately resolved with a full factual record. Accordingly, Defendants' motion is denied with respect to Plaintiff's claims against Sergeant Zambrana.

### B. Captain Sergi and Warden McFadden

Plaintiff bases his claims against the other two Defendants only on Captain Sergi's denial of his grievance and Warden McFadden's denial of Plaintiff's appeal. Defendants argue that Plaintiff has not alleged any personal involvement by Captain Sergi or Warden McFadden in the alleged excessive force and that denying his grievance is not a basis for Section 1983 liability. Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation

of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). In other words, each individual must have had personal involvement in the alleged wrongdoing. *See Phelps v. Flowers*, 514 F. App'x 100, 102 (3d Cir. 2013) (dismissing pro se claim against a warden where complaint did not allege that he personally directed alleged violation).

Plaintiff alleges no personal involvement by Captain Sergi or Warden McFadden in Sergeant Zambrana's alleged excessive use of force. Denying a grievance and subsequent appeal does not establish a prison supervisor's personal involvement in unconstitutional conduct for purposes of liability under Section 1983. *See Walker v. Mathis*, 665 F. App'x 140, 143–44 (3d Cir. 2016) (dismissing due process claim against prison officials who denied plaintiff's internal grievance and appeal from adverse decision). Nor does the denial of a grievance establish an independent constitutional claim, because "prison inmates do not have a constitutionally protected right to a grievance process," *Meekins v. DOC's Graterford*, No. CV 18-851, 2018 WL 1740366, at *2 (E.D. Pa. Apr. 11, 2018) (quoting *Jackson v. Gordon*, 145 Fed. App'x. 774, 777 (3d Cir. 2005) (per curiam)), *aff'd*, 745 F. App'x 443 (3d Cir. 2018). Accordingly, Plaintiff has failed to state a claim against Captain Sergi or Warden McFadden and the Court grants Defendants' motion to dismiss with respect to the claims against those defendants.

V. **CONCLUSION**

For the reasons discussed above, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff's claims against Defendants Captain Sergei and Warden McFadden are dismissed without prejudice. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge